IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Larry E. RUBIN, Attorney at Law.

Supreme Court

*No. 84–2503–D.  Filed May 16, 1985.*
(Also reported in 367 N.W.2d 219.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney Larry E. Rubin to practice law in Wisconsin be suspended for three months for unprofessional conduct consisting of misrepresenting a matter to a court, threatening a client with legal action, failing to keep accurate records of client funds and failing to account for them, failing to file an action on behalf of a client or inform the client that the action lacked legal merit, and misrepresenting to his client that he had filed an action. The referee also recommended that Attorney Rubin be required to pay that portion of the costs of the disciplinary proceeding as the court may determine to be just and equitable. We agree with the referee that a three-month suspension of Attorney Rubin's license to practice law in Wisconsin is appropriate discipline for his unprofessional conduct and that it is also appropriate that he be required to pay the costs of the disciplinary proceeding.

Attorney Rubin was licensed to practice law in Wisconsin in January, 1979, and he practices in Madison. He has not previously been disciplined for unprofessional conduct.

The referee, the Honorable William C. Sachtjen, reserve judge, made findings of fact pursuant to a stipulation of the parties. In 1981, Attorney Rubin was retained to represent a woman in a criminal proceeding pending in federal court. The client was also facing related state charges in La Crosse county, in which she was represented by another attorney. In connection with that state proceeding, a friend had posted $2,000 cash bond on behalf of the client. As part of the fee agreement between the client and Attorney Rubin in the federal action, the client executed an assignment of the bond money held by the La Crosse county clerk of courts.

Attorney Rubin terminated his representation of the client on August 26, 1982, as of which date he had spent some time on her case but had received no compensation other than the assignment. On December 14, 1982, the La Crosse county corporation counsel, representing the clerk of courts, wrote Attorney Rubin that he had received a letter from the client asking to have the bond money returned to her. The corporation counsel stated that because of the potential claims of the client, the person who had posted the money on her behalf and Attorney Rubin, he had advised the clerk to retain the money until rightful ownership could be established.

On January 12, 1983, Attorney Rubin wrote the judge presiding in the criminal action, enclosing a proposed order directing the clerk to distribute the $2,000 bond money to Attorney Rubin. That letter did not mention any conflicting claims to the money; it stated only that the clerk had refused to disburse the money to Attorney Rubin without a court order directing him to do so. Copies of the letter and proposed order were sent to

the corporation counsel, the district attorney and the client's La Crosse attorney, but not to the client or to the person who had posted the money. Entitlement to the $2,000 was subsequently determined by another judge, who awarded Attorney Rubin $1,200 to be applied toward his fees in representing the client; the remaining $800 was awarded to the client.

The referee concluded that Attorney Rubin engaged in misrepresentation, in violation of SCR 40.13 and 20.04,[1] by submitting a letter to the judge that failed to include information that Attorney Rubin knew would have a bearing on the disposition of the bond matter, thereby creating the false impression that there was no contest concerning the order Attorney Rubin asked the judge to sign.

In a second matter, a man retained Attorney Rubin in February, 1982, to represent him in an appeal of a criminal conviction and to commence a civil rights action in federal court on behalf of himself and his brother, alleging that their civil rights had been violated by the officers involved in the criminal matter. The client paid Attorney Rubin $520 to cover the costs and expenses in the appeal and the civil rights action, and he executed a written fee agreement by which Attorney Rubin would receive 50 percent of the proceeds of the civil rights action as his fees for both matters. Attorney Rubin filed a brief in the appeal and, subsequently, a petition for review, but he did not file a civil rights action on behalf of the client and his brother. Attorney Rubin had con-

---

[1] SCR 21.05 defines misconduct subjecting an attorney to discipline to include conduct that violates the attorney's oath. That oath, set forth in SCR 40.13, provides, in pertinent part, "I . . . will never seek to mislead the judge or jury by any artifice or false statement of fact or law."

SCR 20.04 provides: "A lawyer shall not:

". . .

"(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

cluded that the proposed action was arguably frivolous, but he did not inform his client he was not filing the action and on more than one occasion told the client and his brother he had filed that action.

The client and his brother discharged Attorney Rubin on June 3, 1983. Shortly thereafter, Attorney Rubin returned materials belonging to the client, along with release forms he asked them to sign which would release Attorney Rubin from any claim of negligence and would release the client from any claim for attorney fees. The client and his brother did not sign the releases but told Attorney Rubin that some of the materials belonging to them had not been returned. On July 25, 1983, Attorney Rubin wrote to the client's brother stating he had returned all of the materials and demanding he "sign the releases or I shall sue your brother for my efforts in the amount of $3,000."

In early 1984, the client commenced a small claims action against Attorney Rubin seeking a refund of the $520 paid to him for costs and expenses in the two legal matters. At no time had Attorney Rubin furnished his client with an accounting of how the money had been spent. Holding that Attorney Rubin had not performed the services he had agreed to perform in the civil rights action and that he was not entitled to payment for services rendered in the appeal, the judge in the small claims action awarded judgment to the client in the amount of $520 plus costs. An appeal of that judgment was pending when the parties entered into the stipulation in this disciplinary proceeding.

The referee concluded that by sending the releases together with a letter threatening a lawsuit if they were not signed, Attorney Rubin violated SCR 20.33;[2] by failing to keep accurate records of the client's funds ad-

---

[2] "SCR 20.33 **Limiting liability to client.** A lawyer shall not attempt to exonerate himself or herself from or limit his or her liability to a client for malpractice."

vanced for costs and expenses and failing to provide an accounting of those funds, Attorney Rubin violated SCR 20.50(2)(c) ;[3] by failing to file the civil rights action or inform his clients that, in his opinion, the proposed action lacked legal merit, Attorney Rubin violated SCR 20.32(3)[4] and SCR 20.35(1)(b) ;[5] and by representing to his client that he had filed a civil rights action, when in fact he had not, Attorney Rubin violated SCR 20.04 (4).

In making his recommendation for discipline, the referee considered in mitigation of the seriousness of Attorney Rubin's misconduct the fact that he performed substantial services for the client in connection with the appeal of the criminal conviction, including the filing of a 41-page brief and a petition for review, for which he received no compensation. The referee also noted that Attorney Rubin produced records in the small claims proceeding showing expenses incurred on behalf of his client in the appeal in the amount of approximateiy $260. The referee further considered that Attorney Rubin admitted his misconduct, cooperated with the Board of Attorneys Professional Responsibility in its investigation of the matters and agreed to the recommended discipline.

---

[3] SCR 20.50(2) provides: "A lawyer shall:

". . .

"(c) Maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them."

[4] SCR 20.32 provides: "A lawyer may not:

". . .

"(3) Neglect a legal matter entrusted to the lawyer."

[5] SCR 20.35 provides: "A lawyer may not intentionally:

". . .

"(1)(b) Fail to carry out a contract of employment entered into with a client for professional services, but the lawyer may withdraw as permitted under SCR 20.16, 20.25 and 20.28."

We accept the referee's findings of fact and conclusions of law, and we agree that a three-month suspension of Attorney Rubin's license is appropriate discipline under the circumstances of this case.

IT IS ORDERED that the license of Attorney Larry E. Rubin to practice law in Wisconsin is suspended for a period of three months, commencing July 1, 1985.

IT IS FURTHER ORDERED that Attorney Larry E. Rubin comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.

IT IS FURTHER ORDERED that within 90 days of the date of this order Attorney Larry E. Rubin pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,146.64, provided that if the costs are not paid within the time specified and absent a showing by Attorney Rubin of his inability to pay those costs within that time, the license of Attorney Larry E. Rubin to practice law in Wisconsin shall be suspended until further order of the court.